UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-P100-R

MARTY JOSEPH MILLARD                                                        PLAINTIFF

v.

KEVIN DURANT *et al.*                                                       DEFENDANTS

## MEMORANDUM OPINION

Plaintiff initiated this *pro se* civil action seeking a restraining order and preliminary injunction against Kevin Durant, Oklahoma City Thunder, National Basketball Association, and Chesapeake Energy. Plaintiff failed to pay the $400.00 filing fee or to file an application to proceed without the prepayment of the filing fee. Therefore, the Court entered an Order on May 22, 2014, directing Plaintiff to either pay the filing fee or file an application to proceed without the prepayment of the filing fee within 30 days (DN 3). The Order stated, "Plaintiff is WARNED that failure to tender the $400.00 filing fee or file an application to proceed without prepayment of fees within 21 days will result in dismissal of his claims." More than 21 days have passed, and Plaintiff has failed to comply with the Order.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with

an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4413.010